JACOB S. LORD *vs.* ASA FRENCH and another, administrators.

*Money had and received—lies to recover moneys fraudulently obtained.*

When the seller agrees to sell a stock of goods at the Boston prices of similar goods at that date, but fraudulently makes out a bill with prices above Boston prices at the time of the contract, and the purchaser is thereby deceived, the vendee may recover in an action for money had and received, the difference between the prices in Boston and those stated in the bill as Boston prices ; he is not restricted to his right to rescind the contract on discovery of the fraud.

ON MOTION FOR NEW TRIAL.

ASSUMPSIT to recover for breach of a contract entered into October 20, 1867, between the plaintiff and defendants' intestate to

sell the plaintiff a stock of goods " at the prices of said goods now in Boston, price to be settled and delivery given on or before the tenth of November," 1867. The alleged breach was that the vendor falsely represented to the plaintiff that the Boston prices of those goods, Oct. 20, 1867, were $1,500, whereas in fact they were but $1,000. The representation was made by preparing and delivering an inventory to the plaintiff with prices affixed to the various articles, amounting in all to $1500. These should have been and were then supposed by Lord to be the Boston prices; but, after going into business, he discovered they were considerably above Boston prices in many instances.

The jury returned a verdict for the plaintiff, which the defendant moved to have set aside as against the law and the evidence.

*Hale* and *Emery*, for the plaintiff.

*A Wiswell*, for defendants.

APPLETON, C. J. This is a motion for a new trial. As no exceptions are taken to the instructions given, we must assume that they were correct and embraced all the questions of law arising in the case.

It seems the plaintiff on the twenty-eighth day of October, 1867, agreed to purchase of the defendants' intestate, Hezekiah Means, " the goods now in the (his) store, at the prices of said goods now in Boston, prices to be settled and delivery given on or before the tenth day of November next." A bill of the goods was made out by Means and settled for by the plaintiff. As the bill was made out by Means it was his duty truly to state the Boston prices as specified in the contract. The bill as made out was his representation of those prices. There was evidence tending to show that this bill did not truly represent the then Boston prices. The difference between the bill as made out by Means and the prices as stated by the plaintiff's witnesses as the then Boston prices, was so great that, with the other testimony, the jury must have found the setttlement and payment for the goods was made in consequence of his fraudulent representations as to prices. In that event, the

plaintiff without rescinding the contract, might maintain an action for money had and received, in which he would recover the difference between the price of the goods sold as stated in the bill, and the Boston prices of the same goods as they were at the time of the contract. *Cushing* v. *Rice*, 46 Maine, 303. This the jury seem to have done and no reason is perceived for disturbing their verdict.                                            *Motion overruled.*

Cutting, Walton, Dickerson, Barrows, and Peters, JJ., concurred.